# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-783V
Filed: July 18, 2018
Not for Publication

*************************************
DIONNI DE LA CRUZ,                          *
                                            *
                                            *
              Petitioner,                   *   Attorneys' fees and costs decision
v.                                          *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
              Respondent.                   *
                                            *
*************************************

Joseph A. Vuckovich, Washington, DC, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 12, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that trivalent influenza ("flu") vaccine administered on October 2, 2015 and quadrivalent flu vaccine she received on October 20, 2015 caused her Guillain-Barré syndrome ("GBS"). Pet. at ¶¶ 1, 4. In the alternative, she alleged significant aggravation. Id. at ¶ 8. Petitioner alleged that the onset of her symptoms was the first week of December 2015 when her feet and hands started tingling, followed by severe weakness and difficulty breathing, talking, and walking. Id. at ¶ 2. On January 23, 2018, petitioner moved for dismissal. On the same day, the undersigned dismissed the case. On July 13, 2018, petitioner filed a motion for attorneys' fees and costs.

### PROCEDURAL HISTORY

Petitioner filed her petition on June 12, 2017. The case was assigned to the undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

on June 13, 2017.

On September 1, 2017, petitioner filed her medical records (Exhibits 1 to 6) and moved for subpoena authority to obtain the missing records from Memorial Hermann Health System. The undersigned issued an Order granting petitioner's motion for authority to issue a subpoena on September 5, 2017. Doc 9. In her Order, the undersigned pointed out that the only flu vaccination at issue was the one petitioner received on October 2, 2015 since petitioner's medical records show that she did not receive quadrivalent flu vaccine on October 20, 2015. Id. at 1. Thus, petitioner's onset of GBS was more than eight weeks after her flu vaccination of October 2, 2015, i.e., the first week of December 2015. Id. The undersigned made it clear that she does not consider onset more than two months after flu vaccination to be compensable under either a theory of causation in fact or significant aggravation. Id. at 2.

During the initial status conference held on September 11, 2017, the undersigned discussed her Order of September 5, 2017 with the parties.

On December 22, 2017, petitioner file her affidavit and medical records from Memorial Hermann Health System (Exhibit 8). The Memorial Hermann Hospital records show that petitioner's onset was on December 4, 2015, i.e., nine weeks after petitioner's flu vaccination of October 2, 2015. Med. recs. Ex. 8, at 204.

On December 26, 2017, the undersigned ordered petitioner to show cause why this case should not be dismissed by January 23, 2018.

On January 23, 2018, petitioner filed a motion to dismiss. The undersigned dismissed the petition on the same day. Judgment entered on February 14, 2018.

On July 13, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $14,199.40 in attorneys' fees and $1,176.15 in attorneys' costs, for a total request of $15,375.55. In accordance with General Order #9, petitioner did not incur any personal costs.

On July 16, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

This matter is now ripe for adjudication.

## DISCUSSION

I.     **Entitlement to Fees Under the Vaccine Act**

   a.  **Legal Standard**

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith

and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). However, as former-Chief Judge Campbell-Smith noted in her affirmance of Special Master Moran's decision not to award attorneys' fees in Chuisano, "Fee denials are expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. However, the Federal Circuit has recently clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." Simmons v. Sec'y of HHS, 875 F. 3d 632, 636 (Fed. Cir. 2017).

Moreover, while a petitioner may have a reasonable basis to file a petition, the reasonable basis can be lost as the case develops. In Perreira, the Federal Circuit upheld a special master's decision awarding attorneys' fees and costs only up until the hearing began. Perreira v. Sec'y of HHS, 33 F.3d 1375, 1377 (Fed. Cir. 1994). The special master found that petitioners should have realized that they did not have a reasonable basis to move forward with the case once they reviewed their expert's opinion prior to the hearing and saw the opinion was unsupported by medical literature or studies. Id. The Federal Circuit noted that "Congress must not have intended that every claimant . . . collect attorney fees and costs" because the funds that are payable under the statute are limited. Id. at 1377. "Petitioners are not given a blank check to incur expenses without regard to the merits of their claim." Perreira, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

3

### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Grice, 36 Fed. Cl. at 121. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied.

Petitioner's counsel received and reviewed the majority of petitioner's medical records (Exhibits 1 to 6) before filing the petition. Petitioner's counsel's fees invoice indicated that Mr. Vuckovich realized petitioner's onset of GBS appeared to be more than eight weeks after her flu vaccination. Doc 25-1, at 4 (entry dated 4/12/2017). However, because confirming the onset of GBS would be more ascertainable after petitioner received the Memorial Hermann Hospital records which contained numerous histories that petitioner gave to doctors there, the undersigned granted petitioner's motion for authority to issue a subpoena in her Order of September 5, 2017. Since the Memorial Hermann Hospital records confirmed that petitioner's onset was nine weeks after her flu vaccination, the undersigned finds that petitioner lost reasonable basis on December 22, 2017, the date she filed her Memorial Hermann Hospital records. Thus, the undersigned awards reasonable attorneys' fees and costs up until December 22, 2017. Accordingly, **this results in a deduction of $2,771.90**.

### II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the period from March 15, 2016 to December 22, 2017:

|  | 2016 | 2017 |
|---|---|---|
| Joseph Vuckovich | $305 | $313 |
| F J Caldwell | $356 | N/A |
| April Murphy | $145 | N/A |
| Emily Monahan | $135 | $145 |
| Kimberly Grabbe | $135 | $135 |
| Liya Mogese | N/A | $145 |
| Melissa Phillips | N/A | $145 |
| Stacie Blanchard | N/A | $145 |
| Tammie Olagbaju | N/A | $145 |

The undersigned finds petitioner's requested hourly rates reasonable except for Mr. Vuckovich's hourly rates.  Since Mr. Vuckovich has been practicing law for eight years, he may be awarded $225-300 for work performed in 2016 and $230-307 for work performed in 2017. The undersigned awards Mr. Vuckovich's hourly rate for his work performed in 2016 at $275 and his work in 2017 at $290.   Because Mr. Vuckovich billed 4.7 hours in 2016 and 19.7 hours in 2017, **this results in a deduction of $594.10.**

Thus, the total amount of attorneys' fees for Maglio Christopher & Toale, PA is reduced by $3,366.00 and $12,009.55 is awarded.   The undersigned finds $1,176.15 in attorneys' costs reasonable.   Therefore, the total amount paid for attorneys' fees and costs incurred by Maglio Christopher & Toale, PA is **$12,009.55**.

## CONCLUSION

The undersigned finds petitioner had a reasonable basis to file a petition and this reasonable basis continued during the initial period of the prosecution of her case up until the Memorial Hermann Hospital records filed on December 22, 2017.  **Accordingly, the court awards $12,009.55**, representing attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Maglio Christopher & Toale, PA in the amount of **$12,009.55**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 18, 2018                                                              s/ Laura D. Millman
                                                                                                Laura D. Millman
                                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.